


Search for Cases by:  Select Search Method...

**Judicial Links**  |  **eFiling**  |  **Help**  |  **Contact Us**  |  **Print**                    **Logon**

## 1922-CC11469 - ELLEN EMBRY V VENTURA FOODS LLC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Sort Date Entries:** ● Descending  ○ Ascending                    **Display Options:** All Entries

| | |
|---|---|
| **10/15/2019** | **Judge/Clerk - Note** |
| | Entire File certified for Polsunell |
| | |
| **09/18/2019** | **Notice of Service** |
| | Affidavit of Special Process Server. |
| | **Filed By:** MATTHEW HALL ARMSTRONG |
| | **On Behalf Of:** ELLEN EMBRY |
| | **Corporation Served** |
| | Document ID - 19-SMCC-20286; Served To - VENTURA FOODS, L.L.C.; Server - ; Served Date - 13-SEP-19; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - RECEIVED BY JASON NALLY/ ADMIN ASST FOR CSC REG AGENT |
| | |
| **09/16/2019** | **Jury Trial Scheduled** |
| | **Scheduled For:** 03/23/2020;  9:00 AM ;  REX M BURLISON;  City of St. Louis |
| | |
| **09/11/2019** | **Summons Issued-Circuit** |
| | Document ID: 19-SMCC-20286, for VENTURA FOODS, L.L.C.. |
| | |
| **09/10/2019** | **Filing Info Sheet eFiling** |
| | **Filed By:** MATTHEW HALL ARMSTRONG |
| | **Note to Clerk eFiling** |
| | **Filed By:** MATTHEW HALL ARMSTRONG |
| | **Pet Filed in Circuit Ct** |
| | Petition and Jury Demand; Entry of Appearance; Request for Special Process Server. |
| | **Filed By:** MATTHEW HALL ARMSTRONG |
| | **On Behalf Of:** ELLEN EMBRY |
| | **Judge Assigned** |

Case.net Version 5.14.0.14                    Return to Top of Page                    Released 09/25/2019

**STATE OF MISSOURI**                )
                                                          )ss
**CITY OF ST. LOUIS**               )


     I, THOMAS KLOEPPINGER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case
**ENTIURE FILE**

---

St. Louis City case number 1922-CC11469

     WITNESS my hand and SEAL of said Court this 15TH day of OCTOBER, 2019.


*Thomas Kloeppinger*
————————————————
**Thomas Kloeppinger**
**Circuit Clerk**


By: *Michelle Earttt*
————————————————
**Deputy Clerk**




SEAL of the CIRCUIT COURT

Electronically Filed - City of St. Louis - September 18, 2019 - 04:39 PM

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC11469 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>ELLEN EMBRY | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO 63144 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>VENTURA FOODS, L.L.C. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  VENTURA FOODS, L.L.C.
Alias:

SERVICE: RAGT
CSC LAWYERS INC SERVICE
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

September 11, 2019                    _Thomas Kloeppinger_
_____          _____
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

- ☑ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
- ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
- ☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
  Jason Nally _____ (name) Administrative Assistant for the Registered Agent (title).
- ☐ other: _____.

Served at 251 Little Falls Drive, Wilmington, DE 19808 _____ (address)
in New Castle _____ (County/City of St. Louis), MO, on 09/13/2019 (date) at 2:12pm (time).

Javier Ignacio _____          _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on 09/13/2019 (date).

*(Seal)*

My commission expires: 07/26/2022 _____
Date                                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ (_____ miles @ $_____ per mile) | |
| **Total** | $_____ | |

MARK C. TRIMBLE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 26, 2022

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - September 18, 2019 - 04:39 PM

IN THE 22nd JUDICIAL CIRCUIT COURT
CITY OF ST. LOUIS, MISSOURI

| | | |
|---|---|---|
| **ELLEN EMBRY** | ) | |
| *Plaintiff(s)* | ) | |
| **vs** | ) | **CASE# 1922-CC11469** |
| **VENTURA FOODS, LLC** | ) | |
| *Defendant(s)* | ) | |

**Affidavit of Special Process Server**

Received by McDowell and Associates on 9/12/2019 to be served on:

**Ventura Foods, LLC**
**CSC Lawyers Inc. Service, Registered Agent**
**251 Little Falls Drive**
**Wilmington, DE 19808**

I, ___Javier Ignacio_____, being duly sworn, depose and say that on __09/13/2019__ at __2:12___ XM/pm, executed service by delivering a true copy of the Summons and Petition in accordance with state statutes in the manner marked below:

( )    INDIVIDUAL SERVICE: Served the within-named person.

[✓]    CORPORATE SERVICE: By serving ___Jason Nally_____ as ___Administrative Assistant for CSC the Registered Agent_____.

( )    SUBSTITUTE SERVICE: By serving_____ as _____.

( )    OTHER SERVICE: As described in the **Comments** below by serving _____ as _____.

( )    NON-SERVICE: For the reason detailed in the **Comments** below:

**COMMENTS:**
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_____
___Javier Ignacio_____
Appointed in accordance
with State Statutes

Subscribed and Sworn to before me on this __13th__ day of ___September__, _2019___ by the affiant who is personally known to me.

_____
**NOTARY PUBLIC**

MARK C. TRIMBLE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 26, 2022

McDowell & Associates
1031 Lami St.
St. Louis, MO 63104
(314) 621-9300



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC11469 | |
|---|---|---|
| | | Special Process Server 1 |
| Plaintiff/Petitioner:<br>ELLEN EMBRY | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO 63144 | Special Process Server 2 |
| | | Special Process Server 3 |
| vs. | | |
| Defendant/Respondent:<br>VENTURA FOODS, L.L.C. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: VENTURA FOODS, L.L.C.
                Alias:

SERVICE: RAGT
CSC LAWYERS INC SERVICE
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2019**
_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**1922-CC11469**

Electronically Filed - City of St. Louis - September 10, 2019 - 11:12 PM

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

| | |
|---|---|
| ELLEN EMBRY, individually and on behalf of all other similarly situated Missouri citizens, ) ) ) ) | |
| Plaintiff, ) | No. _____ |
| ) | |
| v. ) | Div. 1 |
| ) | |
| VENTURA FOODS, LLC, ) | |
| ) | |
| Defendant. ) | |

### ENTRY OF APPEARANCE

NOW COMES Matthew H. Armstrong and the law firm of Armstrong Law Firm LLC and hereby enter their appearance as attorneys of record for the Plaintiff Ellen Embry in the above entitled proceedings.

Dated:  September 10, 2019     Ellen Embry, Individually, and on Behalf of a
Class of Similarly Situated Individuals, Plaintiff

By:     */s/ Matthew H. Armstrong*
Matthew H. Armstrong (ARDC 6226591)
Armstrong Law Firm LLC
8816 Manchester Rd. No. 109
St. Louis MO 63144
Tel:     314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiff and the Putative Class

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri E-filing System by electronic service on September 10, 2019.

*/s/ Matthew H. Armstrong*

**1922-CC11469**

Electronically Filed - City of St. Louis - September 10, 2019 - 11:12 PM

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

ELLEN EMBRY, individually and ) 
on behalf of all other similarly situated ) 
Missouri citizens, ) 
                       ) 
         Plaintiff, )    No. _____
                       ) 
v. )    Div. 1
                       ) 
VENTURA FOODS, LLC, )    **JURY TRIAL DEMAND**
                       ) 
         Defendant. ) 

Serve: VENTURA FOODS, LLC
        CSC-Lawyers Incorporating Service RAGT
        251 Little Falls Drive
        Wilmington DE 19808

### PETITION AND JURY DEMAND

      Plaintiff, Ellen Embry, individually and on behalf of all similarly situated Missouri citizens,

alleges the following facts and claims upon personal knowledge, investigation of counsel, and

information and belief.

### CASE SUMMARY

      1.      This case arises out of Defendant Ventura Foods, LLC's ("Defendant") deceptive,

unfair, and false merchandising practices regarding its Marie's brand Thousand Island Dressing +

Dip; Creamy Italian Dressing + Dip; Caesar Dressing + Dip; Creamy Ranch Dressing + Dip;

Chunky Blue Cheese Dressing + Dip; Super Blue Cheese Dressing + Dip; Lite Blue Cheese

Dressing + Dip; Creamy Chipotle Ranch Dressing + Dip; Parmesan Ranch Dressing + Dip; Asiago

Peppercorn Dressing + Dip; Honey Mustard Dressing + Dip; Sesame Ginger Dressing; Poppyseed

Dressing; Creamy Avocado Poblano Dressing; Creamy Dressing; Coleslaw Dressing; Buttermilk

Ranch Dressing; Caesar Raspberry Vinaigrette; Italian Vinaigrette; Balsamic Vinaigrette; Blue

1

Cheese Vinaigrette; Red Wine Vinaigrette; Mango Chardonnay Vinaigrette; Lemon Herb Vinaigrette; Greek Vinaigrette; Basil Balsamic Vinaigrette; Blueberry Pomegranate Vinaigrette; Italian Vinaigrette; White Balsamic Shallot Vinaigrette; Roasted Tomato with Parmesan & Basil Vinaigrette; Mediterranean Vinaigrette; and Garlic Parmesan Italian Vinaigrette (the "Dressings").

2.      On the label of the Dressings, Defendant prominently represents that the Dressings are "Made with Real, Premium Ingredients" and contain "No Preservatives" which leads Missouri citizens to believe that the Dressings do not contain synthetic ingredients or preservatives.

3.      The Dressings, however, contain Xanthan Gum (the "Synthetic Preservative"), which is used to thicken and stabilize and prevent the deterioration of processed foods in order to preserve the texture and prevent the separation of ingredients.  FDA regulations specifically identify Xanthan Gum as a synthetic substance.  *See* 7 C.F.R. 205.605(b).

4.      The Dressings contain a synthetic preservative in direct contravention to their express representation.

5.      Plaintiff and reasonable consumers reasonably believe, define, and assume that Dressings labeled "Made with Real, Premium Ingredients" and "No Preservatives" do not contain a synthetic preservative.

6.      Because the Dressings contain the Synthetic Preservative, the representation that the Dressings are "Made with Real, Premium Ingredients" and contain "No Preservatives" is unfair, false, deceptive, and misleading.

7.      In addition, by claiming the Dressings contain "Made with Real, Premium Ingredients" and "No Preservatives," the label of the Dressings creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Dressings do not contain synthetic preservatives, when in fact the Dressings do contain the

Synthetic Preservative. Moreover, the overall format and appearance of the label of the Dressings has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Dressings do not contain synthetic preservatives.

8.    Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

9.    Plaintiff, Ellen Embry, is a Missouri citizen residing in the City of St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in June, July, or August 2019, Plaintiff purchased Defendant's Thousand Island Dressing + Dip at Dierbergs in St. Louis for personal, family, or household purposes. The purchase price of the Dressing was $4.49. Plaintiff's claim is typical of all class members in this regard. Moreover, the label of each of the Dressings is substantially similar such that Plaintiff has standing to bring claims on behalf of Dressings she did not actually purchase.

10.    Defendant, Ventura Foods, LLC, is a Delaware limited liability company with its principal place of business in Brea, California.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

12.    Plaintiff believes and alleges that the total value of Plaintiff's individual claim is, at most, equal to the refund of the purchase price paid for the Dressings.

13.    Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and

3

attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

14.    There is therefore no diversity or CAFA jurisdiction for this case.

15.    Defendant cannot plausibly allege that it has sufficient sales of the Dressings in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

16.    This Court has personal jurisdiction over Defendant as Defendant has more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Dressings for sale throughout the State of Missouri.

17.    Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of St. Louis and her injuries occurred in St. Louis.

18.    Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

19.    Defendant manufactures, sells, and distributes the Dressings.

20.    The Dressings label states: "Made with Real, Premium Ingredients" and "No Preservatives"

21.    Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain potentially harmful, synthetic preservatives, Defendant sought to take advantage of this growing market by labeling the Dressings as "Made with Real, Premium Ingredients" and containing "No Preservatives."

4

Electronically Filed - City of St. Louis - September 10, 2019 - 11:12 PM

22.     By affixing such a label to the packaging of the Dressings, Defendant can entice consumers like Plaintiff to pay a premium for the Dressings or pay more for them than they otherwise would have had the truth be known.

23.     The label of the Dressings is deceptive, false, and misleading in that Defendant prominently represents that the Dressings are "Made with Real, Premium Ingredients" and contain "No Preservatives," when they contain the Synthetic Preservative.

24.     The Dressings are not in fact free of synthetic ingredients or preservatives because they contain the Synthetic Preservative.

25.     Consistent with FDA guidance, Plaintiff and reasonable consumers reasonably believe and assume that Dressings labeled as "Made with Real, Premium Ingredients" and containing "No Preservatives," do not contain any synthetic ingredients, yet alone a synthetic preservative.

26.     Neither Plaintiff nor any reasonable consumer would expect to find the Synthetic Preservative in Dressings labeled "Made with Real, Premium Ingredients" and "No Preservatives."

27.     Neither Plaintiff nor any reasonable consumer would know nor should know that the Synthetic Preservative is a synthetic ingredient or a preservative when reviewing the Dressings' label.

28.     Because of Defendant's deceitful label, Defendant could charge, and Plaintiff and Class Members paid, a premium for the Dressings.

29.     The Dressings, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the "Made with Real, Premium Ingredients" and "No Preservatives" label.

30.     Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

<u>**CLASS ALLEGATIONS**</u>

31.     Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All current Missouri citizens who purchased Marie's brand Thousand Island Dressing + Dip; Creamy Italian Dressing + Dip; Caesar Dressing + Dip; Creamy Ranch Dressing + Dip; Chunky Blue Cheese Dressing + Dip; Super Blue Cheese Dressing + Dip; Lite Blue Cheese Dressing + Dip; Creamy Chipotle Ranch Dressing + Dip; Parmesan Ranch Dressing + Dip; Asiago Peppercorn Dressing + Dip; Honey Mustard Dressing + Dip; Sesame Ginger Dressing; Poppyseed Dressing; Creamy Avocado Poblano Dressing; Creamy Dressing; Coleslaw Dressing; Buttermilk Ranch Dressing; Caesar Raspberry Vinaigrette; Italian Vinaigrette; Balsamic Vinaigrette; Blue Cheese Vinaigrette; Red Wine Vinaigrette; Mango Chardonnay Vinaigrette; Lemon Herb Vinaigrette; Greek Vinaigrette; Basil Balsamic Vinaigrette; Blueberry Pomegranate Vinaigrette; Italian Vinaigrette; White Balsamic Shallot Vinaigrette; Roasted Tomato with Parmesan & Basil Vinaigrette; Mediterranean Vinaigrette; and/or Garlic Parmesan Italian Vinaigrette for personal, family or household purposes in the five years preceding the filing of this Petition (the "Class Period").

32.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are

presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

33.     Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

34.     There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact are:

    a.   Whether the claims "Made with Real, Premium Ingredients" and "No Preservatives" on the Dressings' label are false, misleading, and deceptive;

    b.   Whether Defendant violated the MMPA by selling the Dressings with false, misleading, and deceptive representations;

    c.   Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

    d.   Whether the label of the Dressings creates false impressions and has the tendency and capacity to mislead consumers;

    e.   Whether Defendant breach an express warranty;

    f.   Whether Defendant was unjustly enriched; and

    g.   The proper measure of damages sustained by Plaintiff and Class Members.

35.     The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff sand Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

36.     Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

37.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

  a.   The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

  b.   Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

  c.   Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

  d.   When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

  e.   This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

38.     Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

39.     Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation.  Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests.  Therefore, class treatment is a superior method for adjudication of the issues in this case.

<u>CLAIMS FOR RELIEF</u>

<u>COUNT I</u>

**Violation of Missouri's Merchandising Practices Act**

40.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

41.     Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

42.     Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts about the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Dressings are "Made with Real,

Premium Ingredients" and contain "No Preservatives" when it in fact they do contain the Synthetic Preservative.

43.     In addition, by claiming the Dressings are "Made with Real, Premium Ingredients" and contain "No Preservatives" the label of the Dressings creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Dressings contain no synthetic ingredients or preservatives, when in fact the Dressings do contain the Synthetic Preservative.  Moreover, the overall format and appearance of the label of the Dressings has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Dressings contain no synthetic ingredients or preservatives.

44.     The Dressings were therefore worth less than the Dressings as represented, and Plaintiff and Class Members paid extra or a premium for them.

45.     Neither Plaintiff nor any reasonable consumer would expect the Synthetic Preservative to be in Dressings labeled "Made with Real, Premium Ingredients" and "No Preservatives."

46.     Neither Plaintiff nor any reasonable consumer would know nor should know that Xanthan Gum is a synthetic preservative.

47.     Plaintiff and Class Members purchased the Dressings for personal, family, or household purposes and thereby suffered an ascertainable loss because of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Dressings and the value of the Dressings if they had been as represented.

48.     Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons.  § 407.025.2.

### Count Two - Breach of Express Warranty

49.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if

fully set forth herein.

50.     Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Dressings are "Made with Real, Premium Ingredients" and contain "No Preservatives," guaranteeing to Plaintiff and the Class Members that the Dressings were in conformance with the representation.

51.     This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased Defendant's Dressings, and Plaintiff and Class Members relied on the affirmation when making their purchasing decisions.

52.     Defendant breached its express warranty that the Dressings are "Made with Real, Premium Ingredients" and contain "No Preservatives" by providing Plaintiff and Class Members with a product that contained the Synthetic Preservative.

53.     As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Dressings that were not what they were represented to be, and they have spent money on Dressings that had less value than was reflected in the premium purchase price they paid for the Dressings.

54.     Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

55.     Because Defendant has actual knowledge that its Dressings contained the Synthetic Preservative in contravention of its "Made with Real, Premium Ingredients" and "No Preservatives" representation, pre-suit notice of this claim is not required.

56.     Plaintiff and Class Members suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Dressings and the value of the Dressings if they had been as represented.

## Count Three – Unjust Enrichment

57.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

58.     By purchasing the Dressings, Plaintiff and the Class Members conferred a benefit on Defendant in the form of the purchase price of the Dressings.

59.     Defendant appreciated the benefit because, were consumers not to purchase the Dressings, Defendant would have no sales and make no money.

60.     Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Dressings.

61.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.     Grant certification of this case as a class action;

b.     Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.     Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d.     Award pre- and post-judgment interest;

e.     Award reasonable and necessary attorneys' fees and costs; and

12

Electronically Filed - City of St. Louis - September 10, 2019 - 11:12 PM

g.    For all such other and further relief as may be just and proper.

Dated: September 10, 2019          Respectfully submitted,

                 By:    */s/ Matthew H. Armstrong*
                     Matthew H. Armstrong (MoBar 42803)
                     ARMSTRONG LAW FIRM LLC
                     8816 Manchester Rd., No. 109
                     St. Louis MO 63144
                     Tel:    314-258-0212
                     Email: matt@mattarmstronglaw.com

                     Stuart L. Cochran (MoBar 68659)
                     STECKLER GRESHAM COCHRAN PLLC
                     12720 Hillcrest Rd., Ste. 1045
                     Dallas TX 75230
                     Tel:    972-387-4040
                     Email: stuart@stecklerlaw.com

                     Attorneys for Plaintiff and the Putative Class

**1922-CC11469**

Electronically Filed - City of St. Louis - September 10, 2019 - 11:12 PM

# In the
# CIRCUIT COURT
### City of St. Louis, Missouri



ELLEN EMBRY
_____
Plaintiff/Petitioner

vs.

VENTURA FOODS, LLC
_____
Defendant/Respondent

_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___Plaintiff Ellen Embry_____, pursuant
                                                     Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Clayton Willis | 1031 Lami St., St. Louis MO 63104 | 314-621-9300 |
| Name of Process Server | Address | Telephone |
| Sage Boehner | 1031 Lami St., St. Louis MO 63104 | 314-621-9300 |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

**SERVE:**
VENTURA FOODS, LLC - CSC-Lawyers Incorporating Service RAGT
_____
Name
251 Little Falls Drive
_____
Address
Wilmington DE 19808
_____
City/State/Zip

**SERVE:**
_____
Name
_____
Address
_____
City/State/Zip

**SERVE:**
_____
Name
_____
Address
_____
City/State/Zip

**SERVE:**
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
    Deputy Clerk


_____
Date

Matthew H. Armstrong
_____
Attorney/Plaintiff/Petitioner
42803
_____
Bar No.
8816 Manchester Rd. No.109, St. Louis MO 63144
_____
Address
314-258-0212
_____
Phone No.

Electronically Filed - City of St. Louis - September 10, 2019 - 11:12 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - September 10, 2019 - 11:12 PM

7.  A license for service of process issued under this
    rule may be revoked by the Sheriff with the approval
    of the Presiding Judge or his designee, for any of
    the following reasons:

    a. Misrepresentation of duty or authority;

    b. Conviction, guilty plea or finding of guilty of
       any state or federal felony, or a misdemeanor
       involving moral turpitude;

    c. Improper use of the license;

    d. Making a false return; or

    e. Any other good cause.

    Provided, no service of process made by an appointed
    process server with a revoked license shall be void
    if the Court or Circuit Clerk made the appointment in
    good faith without knowledge of the license
    revocation.

8.  Any person authorized to serve process may carry a
    concealed firearm as allowed by Section 506.145,
    RSMo, only while actually engaged in the service of
    process and only if the person has passed a firearms
    qualification test approved by a law enforcement
    agency; provided, however, that any licensed special
    process server may file a written waiver of the right
    to carry a concealed firearm and thereby avoid the
    requirements of firearm training and testing.  Any
    violation of this section shall be considered beyond
    the scope of the privilege to carry a concealed
    weapon that is granted by the appointment, and shall
    constitute good cause for the revocation of the
    license.

9.  Applications for the appointment of a special process
    server shall be made on forms available in the
    offices of the Sheriff and Circuit Clerk.  Orders
    Appointing special process servers may list more than
    one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be
    good for two years.  Each person granted a license
    shall be required to reapply at the expiration of the
    license and shall be required to provide all the
    information required in the initial application,
    including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)