**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ELLEN EMBRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2773SNLJ |
| | ) |
| VENTURA FOODS, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Ellen Embry filed this lawsuit on behalf of herself and a Missouri class of others similarly situated in the Circuit Court of the City of St. Louis, Missouri, claiming defendant marketed and sold its Marie's brand dressings and dips in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

Defendant marketed and sold its Marie's brand dressings/dips (collectively, "Dressings") with the representation that the dressings are "Made with Real, Premium Ingredients" and contain "No Preservatives." Plaintiff alleges that, in fact, the Dressings contain Xanthan Gum, which federal regulations specifically identify as a synthetic ingredient. Thus, plaintiff claims the representations on the Dressings' labels—which lead Missouri citizens to believe they do not contain synthetic ingredients or preservatives—are unlawful under the MMPA.

Defendant removed this case to this Court on the basis that (1) plaintiff and each individual class members' claim may exceed $75,000 and thus diversity jurisdiction might exist under 28 U.S.C. § 1332(a); (2) jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), applies because the amount in controversy for the proposed class as a whole "may arguably exceed" $5,000,000. Plaintiff denies federal

1

jurisdiction exists and filed the instant motion to remand [#16].  Because CAFA jurisdiction exists, this Court will deny the motion for remand and will not address plaintiffs' arguments about diversity jurisdiction.

CAFA permits removal to federal court class actions which (1) include at least 100 putative members, (2) involve an aggregate amount in controversy that "exceeds the sum or value of $5,000,000," and (3) includes at least one class member who "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

Plaintiff's motion argues only that the $5,000,000 amount in controversy is not satisfied.  "When a defendant's assertion of the amount in controversy is challenged…, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).  The party seeking removal bears the burden of establishing federal jurisdiction. *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017).  Notably, defendant's burden is "to establish not whether the damages [sought] are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Pirozzi v. Massage Envy Franchising*, LLC, 938 F.3d 981, 984 (8th Cir. 2019) (internal quotation omitted; alteration in original).

Plaintiff states in her petition that she "believes and alleges that the total value of [her] individual claim is, at most, equal to the refund price the refund of the purchase price paid for the dressings," which is $4.49. (#6 at ¶ 12.)  Plaintiff states she does not seek punitive damages or statutory penalties.  The only other recovery plaintiff does seek is pre- and post-judgment interest, reasonable attorneys' fees, and costs.

2

Defendant's evidence shows that from September 2014 to September 2019, it delivered 184,896 bottles of the disputed salad dressing to customers in Missouri.[1]  At a price of $4.49 per bottle, defendant suggests that actual damages for the class are $830,183.04.  Additionally, defendant points out that plaintiff brings this action under § 407.025 RSMo, which allows the Court, in its discretion, to award punitive damages.  However, defendant acknowledges that, pursuant to § 510.265 RSMo, punitive damages may not exceed the greater of $500,000 or the greater of five times the net amount of the judgment.[2]  Five times the actual damages number is $4,150,915.20.  Because the class also seeks attorneys' fees pursuant to § 407.025 RSMo, defendant thus argues the amount in controversy may well exceed $5 million.

First, plaintiff disputes the class's actual damages would be as high as defendant suggests.  Although defendant states over 180,000 bottles of dressing were shipped to stores in Missouri, plaintiff points out that it has not shown that either (1) all of those bottles were sold or (2) that they were sold to Missouri citizens.  Although defendant does not state how many of those bottles were actually sold, nor to whom, their burden is not a high one.  *See Dart Cherokee*, 574 U.S. at 88.  Plaintiff has not set forth any competing evidence to suggest that some large number of the product was either not sold to a Missouri resident, or not sold at all.  Further, is reasonable to assume that dressings sold in Missouri grocery stores—even those near a state line—sell products primarily to Missouri consumers.  With this evidence, a factfinder might legally conclude that actual

---

[1] Defendant's original Notice of Removal stated that the bottles delivered to Missouri stores totaled 191,136.  Defendant moved to correct the Notice by interlineation [#15], seeking to change that number to 184,896.  The Court will grant the motion.

[2] Neither party acknowledges that § 510.265 RSMo was declared unconstitutional in *Lewellen v. Franklin*, 441 S.W.3d 136, 149 (Mo. banc 2014), thus invalidating the statutory cap.

3

sales to Missouri residents approach the $830,000 suggested by defendant.  The Court holds that defendant has met its burden of proof with respect to this evidence.

Next, plaintiff insists that because she disclaims punitive damages, the amount in controversy cannot include punitive damages.  However, the Supreme Court recently addressed this question in the context of a stipulation filed by a purported class representative disclaiming punitive damages. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).  The Supreme Court held that such a stipulation did not preclude the possibility that punitive damages could be included in the amount in controversy.  *Id.* "That is because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.*  In *Standard Fire Insurance*, then, the Supreme Court held that the defendant could meet the jurisdictional threshold by including possible punitive damages despite such a disclaimer.  *Id.*  Plaintiff insists that her case is different because no "stipulation" was filed, and she disclaimed punitive damages in her complaint.  However, the *Standard Fire* principle logically applies to any similar disclaimers in a representative plaintiff's complaint.  Indeed, courts in this Circuit have similarly refused to acknowledge disclaimers regarding damages for CAFA jurisdiction determinations.  *Jarrett v. Panasonic Corp. of N. Am.*, 934 F. Supp. 2d 1020, 1024 (E.D. Ark. 2013); *Dalton v. Walgreen Co.*, 4:13CV603 RWS, 2013 WL 12129273, at *2 n.2 (E.D. Mo. Apr. 16, 2013); *see also Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 978 (9th Cir. 2013) (plaintiff's waiver was ineffective in avoiding CAFA jurisdiction).  In fact, some courts have even held a proposed class representative to be inadequate where he failed to seek a full recovery.  *Knowles*, 568 U.S. at 594 (citing *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 830–831 (7th Cir. 2011)); *see also Henke v. Arco Midcon, L.L.C.*, 2014 WL 982777,

4

11 (E.D. Mo. March 12, 2014). It is thus not improper to consider the possibility of punitive damages despite plaintiff's disclaimer in light of the fact that they are available under the statute.

Finally, plaintiff argues that the attorneys' fees considered for the amount in controversy are the fees incurred as of the date plaintiff filed her complaint. Defendant does not address this issue precisely. Rather, defendant states that plaintiff needs only $18,000 in attorneys' fees to meet the jurisdictional threshold, and that a 33% recovery has been considered by at least one Missouri federal court as "standard" for attorneys' fees. *See Baker v. NNW, LLC,* No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015). Defendant thus suggests the amount in controversy could include hundreds of thousands of dollars in attorneys' fees.

The Eighth Circuit has not directly addressed the matter of when attorneys' fees are considered for jurisdictional purposes. One case in this district court acknowledged the circuit split on this question and concluded "only those attorneys' fees accrued at the date Plaintiff filed the Complaint in the matter under consideration may be included in the calculation of the jurisdictional amount." *Mak Automation, Inc. v. G.C. Evans Sales & Mfg. Co.*, No. 4:06cv1579 MLM, 2008 WL 821711, at *3 (E.D. Mo. Mar. 25, 2008).

However, it appears that the Eighth Circuit has at least tacitly approved consideration of an ultimate award of attorneys' fees, as opposed to the amount of attorneys' fees incurred at the time of filing or at the time of removal. In *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017), for example, the Court observed that although the plaintiff did "not allege facts showing that her tort or punitive damages or attorney's fees <u>would</u> exceed $75,000, it is not legally impossible that she could recover at least that amount." (Emphasis added.) Notably, none of plaintiff's cases

5

address this issue in the context of CAFA. And, the Eighth Circuit has upheld a district court's retaining CAFA jurisdiction where it "concluded that it was more likely than not that attorneys' fees <u>could</u> exceed $1.4 million…." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (emphasis added). In light of these and other recent cases, then, this Court finds that an ultimate award of attorneys' fee may be counted in calculating the jurisdictional threshold.

Next plaintiff argues that attorneys' fees cannot be counted toward the amount in controversy because they are "costs" and not "damages" under the relevant statute, citing *Pacific Insurance Co. v. Burnet Title, Inc.*, 380 F.3d 1061, 1066 (8th Cir. 2004). Defendant did not respond to this argument. The relevant statute states that "the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees." § 407.025.2 RSMo. The *Pacific Insurance* case is not applicable here because it pertained to an insurance policy's "damages" definition and not to jurisdictional amounts. More importantly, the United States Supreme Court long-ago determined that statutory attorneys' fees are included in the amount in controversy for jurisdictional purposes—even where the statute likens the attorneys' fees to "costs." *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). The Eighth Circuit has also recently held that attorneys' fees were "properly included in the jurisdictional amount" in an MMPA case. *Faltermeier*, 899 F.3d at 621. Plaintiff's argument here is thus without merit.

Finally, although plaintiff invokes the general rule that there is a presumption against removal, the Supreme Court has observed that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 574 U.S. at 89. "CAFA's primary

6

objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.' " *Standard Fire Ins. Co.*, 568 U.S. at 595 (quoting § 2(b)(2), 119 Stat. 5); *see also* S. Rep. No. 109–14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

Because the Court holds that CAFA jurisdiction exists, the Court need not address arguments regarding the application of 28 U.S.C. § 1332(a). The motion to remand will thus be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand [#16] is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion to correct notice of removal by interlineation [#15] is GRANTED.

Dated this  10th  day of June, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE